ACCO,(CWx),CLOSED,DISCOVERY,MANADR,PROTORD,STAYED

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:14-cv-02060-CAS-CW

| | |
|---|---|
| John Fontes v. Time Warner Cable Inc. | Date Filed: 03/18/2014 |
| Assigned to: Judge Christina A. Snyder | Date Terminated: 12/17/2015 |
| Referred to: Magistrate Judge Carla Woehrle | Jury Demand: Plaintiff |
| Related Case: 8:16-cv-00329-CAS-AS | Nature of Suit: 890 Other Statutory Actions |
| Cause: 47:0227 Violation of Telephone Consumer Protection Act | Jurisdiction: Federal Question |

## Plaintiff

**John Fontes**
*individually and on behalf of all others similarly situated*

represented by    **Joshua B Swigart**
Hyde and Swigart APC
2221 Camino Del Rio South Suite 101
San Diego, CA 92108
619-233-7770
Fax: 619-297-1022
Email: josh@westcoastlitigation.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas J Bontrager**
Martin & Bontrager, APC
6464 W. Sunset Blvd.
Ste. 960
Los Angeles, CA 90028
323-940-1700
Fax: 323-328-8095
Email: Nick@mblawapc.com *(Inactive)*
*TERMINATED: 08/28/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seyed Abbas Kazerounian**
Kazerouni Law Group APC
245 Fischer Avenue Suite D1
Costa Mesa, CA 92626
800-400-6808
Fax: 800-520-5523
Email: ak@kazlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Suren N Weerasuriya**
Callahan Thompson Sherman and Caudill
LLP
2601 Main Street Suite 800
Irvine, CA 92614
949-261-2872
Fax: 949-261-6060
Email: sweerasuriya@ctsclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica R K Dorman**
Hyde and Swigart
2221 Camino Del Rio South Suite 101
San Diego, CA 92108
619-233-7770
Fax: 619-297-1022
Email: jessica@westcoastlitigation.com
*ATTORNEY TO BE NOTICED*

**Todd M Friedman**
Law Offices of Todd M Friedman PC
324 South Beverly Drive Suite 725
Beverly Hills, CA 90212
877-206-4741
Fax: 866-633-0228
Email: tfriedman@toddflaw.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Damon Byrd**                     represented by   **Jessica R K Dorman**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Gregory Montegna**               represented by   **Jessica R K Dorman**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**Time Warner Cable Inc.**         represented by   **Bryan A Merryman**
                                                    White and Case LLP
                                                    555 South Flower Street

Suite 2700
Los Angeles, CA 90071-2433
213-620-7700
Fax: 213-452-2329
Email: bmerryman@whitecase.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Jonathan Hawk**
White and Case LLP
555 South Flower Street
Suite 2700
Los Angeles, CA 90071
213-620-7700
Fax: 213-452-2329
Email: jhawk@whitecase.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2014 | 1 | COMPLAINT Receipt No: 0973-13531680 - Fee: $400, filed by Plaintiff John Fontes. (Attorney Todd M Friedman added to party John Fontes(pty:pla))(Friedman, Todd) (Entered: 03/18/2014) |
| 03/18/2014 | 2 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff John Fontes. (Friedman, Todd) (Entered: 03/18/2014) |
| 03/18/2014 | 3 | CIVIL COVER SHEET filed by Plaintiff John Fontes. (Friedman, Todd) (Entered: 03/18/2014) |
| 03/18/2014 | 4 | CERTIFICATE of Interested Parties filed by Plaintiff John Fontes, (Friedman, Todd) (Entered: 03/18/2014) |
| 03/18/2014 | 5 | NOTICE OF ASSIGNMENT to District Judge Christina A. Snyder and Magistrate Judge Carla Woehrle. (et) (Entered: 03/18/2014) |
| 03/18/2014 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 03/18/2014) |
| 03/18/2014 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Time Warner Cable Inc. (et) (Entered: 03/18/2014) |
| 03/24/2014 | 8 | NOTICE of Appearance filed by attorney Jessica R K Dorman on behalf of Plaintiff John Fontes (Attorney Jessica R K Dorman added to party John Fontes(pty:pla)) (Dorman, Jessica) (Entered: 03/24/2014) |
| 03/24/2014 | 9 | NOTICE of Appearance filed by attorney Joshua B Swigart on behalf of Plaintiff John Fontes (Attorney Joshua B Swigart added to party John Fontes(pty:pla))(Swigart, Joshua) (Entered: 03/24/2014) |

| 03/24/2014 | 10 | NOTICE of Appearance filed by attorney Seyed Abbas Kazerounian on behalf of Plaintiff John Fontes (Attorney Seyed Abbas Kazerounian added to party John Fontes(pty:pla))(Kazerounian, Seyed) (Entered: 03/24/2014) |
|---|---|---|
| 04/10/2014 | 11 | NOTICE TO COUNSEL upon filing of the complaint by Judge Christina A. Snyder. (rba) (Entered: 04/10/2014) |
| 04/14/2014 | 12 | NOTICE OF MOTION AND MOTION to Dismiss Case *Defendant Time Warner Cable Inc.s Notice of Motion and Motion to Dismiss, or, in the Alternative, to Stay Action* filed by Defendant Time Warner Cable Inc.. Motion set for hearing on 5/19/2014 at 10:00 AM before Judge Christina A. Snyder. (Attachments: # 1 Memorandum Defendant Time Warner Cable Inc.s Memorandum of Points and Authorities in Support of Motion to Dismiss, or, in the Alternative, to Stay Action, # 2 Declaration Declaration of J. Jonathan Hawk in Support of Defendant Time Warner Cable Inc.s Motion to Dismiss, or, in the Alternative, to Stay Action, # 3 Declaration Declaration of David W. Zitko in Support of Defendant Time Warner Cable Inc.s Motion to Dismiss, or, in the Alternative, to Stay Action, # 4 Proposed Order [Proposed] Order Granting Defendant Time Warner Cable Inc.s Motion to Dismiss, or, in the Alternative, to Stay Action) (Attorney Bryan A Merryman added to party Time Warner Cable Inc.(pty:dft)) (Merryman, Bryan) (Entered: 04/14/2014) |
| 04/14/2014 | 13 | REQUEST FOR JUDICIAL NOTICE re MOTION to Dismiss Case *Defendant Time Warner Cable Inc.s Notice of Motion and Motion to Dismiss, or, in the Alternative, to Stay Action* 12 *Defendant Time Warner Cable Inc.s Request for Judicial Notice in Support of Motion to Dismiss, or, in the Alternative, to Stay Action* filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit Exhibit B, # 2 Exhibit Exhibit C, # 3 Exhibit Exhibit D, # 4 Exhibit Exhibit E, # 5 Exhibit Exhibit F)(Merryman, Bryan) (Entered: 04/14/2014) |
| 04/14/2014 | 14 | *Certification and Notice of Interested Parties* NOTICE of Interested Parties filed by Defendant Time Warner Cable Inc., identifying Time Warner Cable Inc.. (Merryman, Bryan) (Entered: 04/14/2014) |
| 04/28/2014 | 15 | OPPOSITION to MOTION to Dismiss Case *Defendant Time Warner Cable Inc.s Notice of Motion and Motion to Dismiss, or, in the Alternative, to Stay Action* 12 filed by Plaintiff John Fontes. (Attachments: # 1 Declaration of Abbas Kazerounian, # 2 Exhibit A, # 3 Exhibit B, # 4 Proof of Service)(Kazerounian, Seyed) (Entered: 04/28/2014) |
| 04/30/2014 | 16 | NOTICE of Change of address by Todd M Friedman attorney for Plaintiff John Fontes. Changing attorneys address to 324 S. Beverly Dr., #725, Beverly Hills, CA 90212. Filed by Plaintiff John Fontes. (Attachments: # 1 Proof of Service)(Friedman, Todd) (Entered: 04/30/2014) |
| 04/30/2014 | 17 | NOTICE of Change of address by Nicholas J Bontrager attorney for Plaintiff John Fontes. Changing attorneys address to 324 S. Beverly Dr., #725, Beverly Hills, CA 90212. Filed by Plaintiff John Fontes. (Attachments: # 1 Proof of Service)(Bontrager, Nicholas) (Entered: 04/30/2014) |
| 05/02/2014 | 18 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: |

| | | |
|---|---|---|
| | | Notice of Change of Address, 16 . The following error(s) was found: Case number is incorrect or missing. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (ak) (Entered: 05/02/2014) |
| 05/02/2014 | 19 | REPLY in support of MOTION to Dismiss Case *Defendant Time Warner Cable Inc.s Notice of Motion and Motion to Dismiss, or, in the Alternative, to Stay Action* 12 filed by Defendant Time Warner Cable Inc.. (Merryman, Bryan) (Entered: 05/02/2014) |
| 05/02/2014 | 20 | Supplemental Request for Judicial Notice in Support of Motion to Dismiss re MOTION to Dismiss Case *Defendant Time Warner Cable Inc.s Notice of Motion and Motion to Dismiss, or, in the Alternative, to Stay Action* 12 filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit G, # 2 Exhibit H)(Merryman, Bryan) (Entered: 05/02/2014) |
| 05/08/2014 | 21 | NOTICE of Supplemental Authority filed by Plaintiff John Fontes. *in support of Opposition to Defendant's Motion to Dismiss* (Attachments: # 1 Exhibit A)(Friedman, Todd) (Entered: 05/08/2014) |
| 05/15/2014 | 22 | NOTICE Notice of Supplemental Authority in Support of Defendant Time Warner Cable Inc.s Motion to Dismiss, Or, in the Alternative, Stay Action filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit Exhibit A)(Merryman, Bryan) (Entered: 05/15/2014) |
| 05/19/2014 | 23 | MINUTES OF Motion Hearing held before Judge Christina A. Snyder: The Court RESERVES ruling on defendant's motion to dismiss or stay this action 12 . The Court hereby STAYS this action on its own motion until 9/19/2014. The parties are directed to file a joint status report on 9/12/2014, or within 14 days after the FCC acts on the Petitions, whichever occurs earlier. The report shall set forth the status of the FCC proceedings related to the Petitions, including, if applicable, the substance of the FCCs rulings on the Petitions. Court Reporter: Laura Elias. (gk) (Entered: 05/19/2014) |
| 08/28/2014 | 24 | Notice of Appearance or Withdrawal of Counsel: for attorney Todd M Friedman counsel for Plaintiff John Fontes. Nicholas J. Bontrager is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by plaintiff John Fontes. (Friedman, Todd) (Entered: 08/28/2014) |
| 09/12/2014 | 25 | STATUS REPORT *JOINT STATUS REPORT* filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C) (Merryman, Bryan) (Entered: 09/12/2014) |
| 09/19/2014 | 26 | MINUTES (IN CHAMBERS) by Judge Christina A. Snyder: The Court is in receipt of the parties Joint Status Report 25 . The Court continues the stay in the above-referenced action for 60 days, up to and including 11/19/2014. The parties are directed to file another Joint Status Report on or before 11/12/2014, or within 14 days after the FCC acts on the Petitions, whichever occurs earlier. Court Reporter: Not Present. (gk) (Entered: 09/22/2014) |
| 11/12/2014 | 27 | STATUS REPORT *Second Joint Status Report* filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, |

| | | # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Merryman, Bryan) (Entered: 11/12/2014) |
|---|---|---|
| 01/23/2015 | 28 | MINUTE ORDER (IN CHAMBERS) - JOINT STATUS REPORT by Judge Christina A. Snyder. The Court is in receipt of the parties Joint Status Report 27 . The Court hereby LIFTS the Stay and resets this matter for a Scheduling Conference on February 9, 2015, at 11:00 a.m. The Scheduling Conference will be held pursuant to F.R.Civ.P 16(b). Counsel shall file a joint report not later than February 2, 2015 after they confer on a discovery plan and the other matters required by F.R.Civ.P. 26(f) and the Local Rules of this Court. (lom) (Entered: 01/26/2015) |
| 02/02/2015 | 29 | JOINT SCHEDULING CONFERENCE REPORT filed by Defendant Time Warner Cable Inc.. (Merryman, Bryan) (Entered: 02/02/2015) |
| 02/04/2015 | 30 | PROOF OF SERVICE Executed by Plaintiff John Fontes, upon Defendant Time Warner Cable Inc. served on 3/24/2014, answer due 4/14/2014. Service of the Summons and Complaint were executed upon Jan Lapinid, designated by law to accept service of process on behalf of Time Warner Cable, Inc. in compliance with statute not specified by service on a domestic corporation, unincorporated association, or public entity. Original Summons NOT returned. (Attachments: # 1 Certificate of Service) (Dorman, Jessica) (Entered: 02/04/2015) |
| 02/09/2015 | 32 | ORDER/REFERRAL to ADR Procedure No 1 by Judge Christina A. Snyder. Case ordered to Magistrate Judge for Settlement Conference. ADR Proceeding to be held no later than 09/01/2015. Status Conference set for 9/21/2015 at 10:00 AM before Judge Christina A. Snyder. (kss) (Entered: 02/17/2015) |
| 02/09/2015 | 33 | MINUTES OF Scheduling Conference held before Judge Christina A. Snyder Hearing held and counsel are present. The Court confers with counsel and schedules the following dates: Request for leave to file amended pleadings or to add parties: March 30, 2015;Settlement Completion Cutoff: September 1, 2015; Discovery Cut-off: December 21, 2015; Last Day to File Motions: January 15, 2016; Exchange of Expert Reports Cut-off: October 13, 2015; Exchange of Rebuttal Reports Cut-off: November 2, 2015; Class Certification Motion Cut-off (10:00 A.M.): July 6, 2015; Opposition to Motion for Class Certification Cut-off: August 24, 2015; Reply to Motion for Class Certification Cut-off: September 8, 2015;Hearing on Motion for Class Certification and Status Conference re: Settlement (10:00 A.M.): September 21, 2015; Pretrial Conference/Hearing on Motions in Limine (11:00 A.M.): March 21, 2016; andJury Trial (9:30 A.M.): April 12, 2016Court Reporter: Laura Elias. (pj) (Entered: 02/17/2015) |
| 02/11/2015 | 31 | ANSWER to Complaint (Attorney Civil Case Opening) 1 *Time Warner Cable Inc.s Answer to Complaint* filed by Defendant Time Warner Cable Inc..(Merryman, Bryan) (Entered: 02/11/2015) |
| 03/25/2015 | 34 | STIPULATION for Protective Order filed by Defendant Time Warner Cable Inc.. (Merryman, Bryan) (Entered: 03/25/2015) |
| 03/31/2015 | 35 | STIPULATION AND PROTECTIVE ORDER by Magistrate Judge Carla Woehrle. The Court Orders that the terms of the parties Stipulated and Protective Order Regarding Non-Disclosure of Confidential Information shall govern the handling of such |

| | | |
|---|---|---|
| | | documents produced or disclosed by the parties in this case. 34 (SEE ORDER FOR FURTHER DETAILS) (gr) (Entered: 04/02/2015) |
| 09/21/2015 | 36 | NOTICE of Settlement filed by Plaintiff John Fontes. (Attachments: # 1 Certificate of Service)(Dorman, Jessica) (Entered: 09/21/2015) |
| 09/21/2015 | 37 | Notice of Withdrawal of Notice of Settlement 36 filed by Plaintiff John Fontes. (Attachments: # 1 Certificate of Service)(Dorman, Jessica) (Entered: 09/21/2015) |
| 10/22/2015 | 38 | STATUS REPORT *Joint* filed by Plaintiff John Fontes. (Attachments: # 1 Certificate of Service)(Dorman, Jessica) (Entered: 10/22/2015) |
| 10/22/2015 | 39 | Joint STIPULATION for Order Permitting Consolidation of Actions, Vacating Current Deadlines, and Setting New Deadlines filed by Plaintiff John Fontes. (Attachments: # 1 Proposed Order, # 2 Certificate of Service)(Dorman, Jessica) (Entered: 10/22/2015) |
| 10/28/2015 | 40 | ORDER PERMITTING CONSOLIDATION OF ACTIONS, VACATING CURRENT DEADLINES, AND SETTING NEW DEADLINES by Judge Christina A. Snyder: Please refer to the Court's order for specifics. The hearings originally scheduled have been rescheduled: Final Pretrial Conference set for 12/12/2016 11:00 AM; Jury Trial set for 1/17/2017 09:30 AM; Status Conference set for 6/20/2016 10:00 AM. (cr) Modified on 10/28/2015 (cr). (Entered: 10/28/2015) |
| 10/30/2015 | 41 | First AMENDED COMPLAINT against Defendant Time Warner Cable Inc. amending Complaint (Attorney Civil Case Opening) 1 , filed by Plaintiffs John Fontes, Damon Byrd, Gregory Montegna(Attorney Jessica R K Dorman added to party Damon Byrd(pty:pla), Attorney Jessica R K Dorman added to party Gregory Montegna(pty:pla))(Dorman, Jessica) (Entered: 10/30/2015) |
| 11/20/2015 | 42 | NOTICE OF MOTION AND MOTION to Stay Case filed by defendant Time Warner Cable Inc.. Motion set for hearing on 12/21/2015 at 10:00 AM before Judge Christina A. Snyder. (Attachments: # 1 Memorandum of Points and Authorities In Support of Motion to Stay Action, # 2 Proposed Order) (Merryman, Bryan) (Entered: 11/20/2015) |
| 11/20/2015 | 43 | DECLARATION of David W Zitko In Support Of NOTICE OF MOTION AND MOTION to Stay Case 42 filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit A)(Merryman, Bryan) (Entered: 11/20/2015) |
| 11/20/2015 | 44 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Stay Case 42 filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit B through E)(Merryman, Bryan) (Entered: 11/20/2015) |
| 11/20/2015 | 45 | AMENDED ANSWER to Amended Complaint/Petition, 41 filed by defendant Time Warner Cable Inc.. (Merryman, Bryan) (Entered: 11/20/2015) |
| 11/23/2015 | 46 | NOTICE of Change of address by Bryan A Merryman attorney for Defendant Time Warner Cable Inc.. Changing attorneys address to 555 South Flower Street, Suite 2700, Los Angeles, CA 90071-2433. Filed by Defendant Time Warner Cable Inc.. (Merryman, Bryan) (Entered: 11/23/2015) |
| 11/23/2015 | 47 | NOTICE of Change of address by J Jonathan Hawk attorney for Defendant Time Warner Cable Inc.. Changing attorneys address to 555 South Flower Street, Suite 2700, |

| | | Los Angeles, CA 90071-2433. Filed by Defendant Time Warner Cable Inc.. (Hawk, J) (Entered: 11/23/2015) |
|---|---|---|
| 11/30/2015 | 48 | OPPOSITION to NOTICE OF MOTION AND MOTION to Stay Case 42 filed by Plaintiffs Damon Byrd, John Fontes, Gregory Montegna. (Attachments: # 1 Certificate of Service)(Dorman, Jessica) (Entered: 11/30/2015) |
| 12/04/2015 | 49 | REPLY in support NOTICE OF MOTION AND MOTION to Stay Case 42 filed by Defendant Time Warner Cable Inc.. (Merryman, Bryan) (Entered: 12/04/2015) |
| 12/04/2015 | 50 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Stay Case 42 filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit Exhibit F)(Merryman, Bryan) (Entered: 12/04/2015) |
| 12/16/2015 | 51 | SCHEDULING NOTICE VACATED by Judge Christina A. Snyder as to the Motion to Stay Case 42 . The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of 12/21/2015 at 10:00 AM, is hereby vacated and the matter is hereby taken under submission. No appearances will be necessary on this date. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (clee) TEXT ONLY ENTRY (Entered: 12/16/2015) |
| 12/17/2015 | 52 | MINUTES (IN CHAMBERS) by Judge Christina A. Snyder: The Court finds that a stay is appropriate in these circumstances and therefore GRANTS Defendant Time Warner Cable Inc.'s Motion to Stay Action 42 . It is ORDERED that this action is hereby removed from this Court's active caseload until further application by the parties or order of this Court. The parties are directed to file joint status reports reporting on the status of the Court of Appeals review of the FCC's July 10 Declaratory Ruling in ACA International, et al. v. Federal Communications Commission every 120 days or upon a decision in that case, whichever first occurs. This Court retains full jurisdiction over this action and this Order shall not prejudice any party to this action. All dates in this action are hereby VACATED and defendant's Motion to Dismiss 12 is hereby MOOT. ( MD JS-6. Case Terminated ) Court Reporter: Not Present. (gk) (Entered: 12/18/2015) |
| 04/14/2016 | 53 | STATUS REPORT filed by Defendant Time Warner Cable Inc.. (Attachments: # 1 Exhibit A)(Merryman, Bryan) (Entered: 04/14/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/03/2016 14:43:10 | | | |
| **PACER Login:** | jkingkid:3916942:0 | **Client Code:** | Fontes v. TWC |
| **Description:** | Docket Report | **Search Criteria:** | 2:14-cv-02060-CAS-CW End date: 6/3/2016 |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

1  Jessica R. K. Dorman, Esq. (SBN: 279919)
2  jessica@westcoastlitigation.com
   Joshua B. Swigart, Esq. (SBN: 225557)
3  josh@westcoastlitigation.com
4  **Hyde & Swigart**
   2221 Camino Del Rio South, Suite 101
5  San Diego, CA 92108
6  Office Number:          (619) 233-7770
   Office Fax Number:      (619) 297-1022
7

8  **KAZEROUNI LAW GROUP, APC**
   Abbas Kazerounian, Esq. (SBN: 249203)
9  ak@kazlg.com
   245 Fischer Avenue, Unit D1
10 Costa Mesa, CA 92626
11 Telephone: (800) 400-6808
   Facsimile: (800) 520-5523
12 [Additional Counsel on Signature Page]
13

14 Attorneys for John Fontes, Damon Byrd, and Gregory Montegna

15

16 # UNITED STATES DISTRICT COURT
   # CENTRAL DISTRICT OF CALIFORNIA
17

18

| JOHN FONTES, DAMON BYRD, AND GREGORY MONTEGNA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No: 14-cv-02060-CAS-CW |
|---|---|
|  | **AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |
| PLAINTIFFS, | **Jury Trial Demanded** |
| V. | |
| TIME WARNER CABLE, INC., | |
| DEFENDANT. | |

28

**INTRODUCTION**

1. John Fontes, Damon Byrd, and Gregory Montegna ("Plaintiffs") bring this Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Time Warner Cable, Inc. ("Defendant"), in negligently or intentionally contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and thier own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.     TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Further, jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its State of Incorporation in Delaware state and principal place of business in New York. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the

1  damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are
2  present, and this Court has jurisdiction.

3  8.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i)
4  Plaintiff resides in the County of San Diego, State of California which is
5  within this judicial district; (ii) the conduct complained of herein occurred
6  within this judicial district; and, (iii) Defendant conducted business within
7  this judicial district at all times relevant.

8  **PARTIES**

9  9.  Plaintiff John Fontes is, and at all times mentioned herein was, a citizen and
10  resident of the County of Los Angeles, State of California.  Plaintiff is, and at
11  all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153
12  (39).

13  10.  Plaintiff Gregory Montegna is, and at all times mentioned herein was, a
14  citizen and resident of the County of San Diego, State of California.  Plaintiff
15  is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C.
16  § 153 (39).

17  11.  Plaintiff Damon Byrd is, and at all times mentioned herein was, a citizen and
18  resident of the County of Los Angeles, State of California.  Plaintiff is, and at
19  all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153
20  (39).

21  12.  Plaintiffs are informed and believe, and thereon allege, that Defendant is, and
22  at all times mentioned herein was, a corporation whose State of Incorporation
23  is in the State of Delaware and principal place of business is in New York.

24  13.  Defendant, Time Warner Network, LLC ("Defendant" or "TIME WARNER"),
25  is a leader in satellite television services and offers a variety of consumer and
26  business related satellite television services nationwide.

27  14.  Defendant, is and at all times mentioned herein was, a corporation and is a
28  "person," as defined by 47 U.S.C. § 153 (139).

HYDE & SWIGART
Consumer Protection Attorneys

15. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

16. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants .

17. Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California, and within this judicial district.

### FACTUAL ALLEGATIONS

18. At all times relevant, each Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

19. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153 (39).

*John Fontes*

20. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

21. On or about January 28, 2014, Defendant called Fontes' cellular phone ending in 3688 from 800-892-2253, and left him a pre-recorded voice message stating:

> This is an automated message about an important change in the status of your account…. This call maybe monitored or recorded. If I am speaking with Anna Pounzie please press one. If they're available to come to the phone right now, press two. If they can't come to the phone right now, press 3. Sorry, if I am speaking with Anna Pounzie, please press one. If they're available to come to the phone right now, press two. If they can't come to the phone right now, press 3. Or, if this is not a good time, you can call us back at 800-892-2253. Again, that is 800-892-2253... I am sorry, I am going to have to hang up now. Once again, the number to reach Time Warner Cable is 800-892-2253. Thank you. Goodbye.

22. Defendant also left the same or nearly identical pre-recorded voice-messages on Fontes' cellular phone ending in 3688 on or about February 01, 2014, and February 07, 2014.

23. On or about February 24, 2014, Defendant left a pre-recorded voice-message on Fontes' cellular phone ending in 3688 stating:

> Hello, this is Time Warner Cable calling about an important change in the status of the account belonging to Anna Pounzie. Please call us within the next twenty-four (24) hours at 800-892-2253. Again, please call Time Warner Cable regarding an important change in the status of your account within the next twenty-four (24) hours at 800-892-2253.

24. The calls Defendant placed to Fontes' cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

25. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

26. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Fontes incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

27. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

28. Fontes is neither a subscriber nor client of Defendant's services, never contacted Defendant, nor provided Defendant with her personal information or cellular telephone number. Thus, at no time did Fontes provide Defendant or its agents with prior express consent to receive unsolicited telephone calls, pursuant to 47 U.S.C. § 227 (b)(1)(A).

*Damon Byrd*

29. Beginning in or around April of 2014, Defendant contacted Byrd on his cellular telephone number ending in -2681, in an attempt to collect an alleged outstanding debt owed by an "Anna."

30. Defendant placed multiple calls a day to Byrd's cellular telephone seeking to collect the alleged debt owed by "Anna."

31. Defendant called Byrd on but not limited to April 3, 2014, April 4, 2014, June 28, 2014, July 16, 2014, July 19, 2014, and September 15, 2014.

32. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Byrd seeking to collect the debt allegedly owed by "Anna."

33. Defendant often left voicemail messages on Byrd's cellular telephone if Plaintiff did not answer Defendant's calls. In these messages, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

34. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

HYDE & SWIGART
Consumer Protection Attorneys

35. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Byrd incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Byrd is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever. Furthermore, Byrd does not know nor has ever known "Anna." Accordingly, Defendant never received Byrd's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

### *Gregory Montegna*

37. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

38. Beginning in or around the Summer of 2015, Defendant began to utilize Montegna's cellular telephone number, ending in -7555, to place virtually daily incessant calls to Montegna pertaining to another person whom Montegna does not know.

39. Montegna did not provide Defendant with his cellular telephone number.

40. On at least two occasions, Montegna made a point to return a call to a representative and inform Defendant that Defendant was calling the wrong person, and that Defendant was not to call Montegna anymore.

41. Despite Montegna's efforts to inform Defendant that they were calling the wrong number, Defendant continued to call Montegna.

42. During this time, Defendant placed calls on a daily basis, often placing numerous calls a day.

43. The calls Defendant placed to Montegn's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

44. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

45. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

46. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

47. Montegna is neither a subscriber nor client of Defendant's services, never contacted Defendant, nor provided Defendant with his personal information or cellular telephone number. Thus, at no time did Montegna provide Defendant or its agents with prior express consent to receive unsolicited telephone calls, pursuant to 47 U.S.C. § 227 (b)(1)(A).

48. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

49. Plaintiffs bring this action on behalf of himself and on behalf of all others similarly situated ("the Class").

50. Plaintiffs represents, and are members of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filling of the Complaint.

51. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

52. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiffs and the Class members were damaged thereby.

53. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

54. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

55. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of the Complaint, Defendant made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

b) Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

c) Whether Defendant's conduct was knowing and/or willful;

d) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

56. As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

57. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

58. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

59. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

1    present significantly fewer difficulties than those presented in many class
2    claims.

3    60.  The prosecution of separate actions by individual Class members would
4         create a risk of adjudications with respect to them that would, as a practical
5         matter, be dispositive of the interests of the other Class members not parties to
6         such adjudications or that would substantially impair or impede the ability of
7         such non-party Class members to protect their interests.

8    61.  Defendant has acted on grounds generally applicable to the Class, thereby
9         making appropriate final injunctive relief and corresponding declaratory relief
10        with respect to the Class as a whole.

11                            COUNT I

12           NEGLIGENT VIOLATIONS OF THE

13    TELEPHONE CONSUMER PROTECTION ACT (TCPA)

14                         47 U.S.C. 227

15   62.  Plaintiffs incorporate by reference all of the above paragraphs of this
16        Complaint as though fully stated herein.

17   63.  The foregoing acts and omissions of Defendant constitutes numerous and
18        multiple negligent violations of the TCPA, including but not limited to each
19        and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

20   64.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq,
21        Plaintiffs and The Class are entitled to an award of $500.00 in statutory
22        damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

23   65.  Plaintiffs and the Class are also entitled to and seek injunctive relief
24        prohibiting such conduct in the future.

25   ///

26   ///

27   ///

28   ///

HYDE & SWIGART
Consumer Protection Attorneys

**COUNT II**

**KNOWING AND/OR WILLFUL OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

66. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

68. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

69. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and The Class Members pray for judgment as follows:

- • Certifying the Class as requested herein;
- • Providing such further relief as may be just and proper.

In addition, Plaintiff and The Class Members pray for further judgment as follows:

**COUNT I FOR NEGLIGENT VIOLATIONS OF**

**THE (TCPA), 47 U.S.C. 227 ET. SEQ.**

- • As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**COUNT II FOR KNOWING/WILLFUL VIOLATION OF THE (TCPA), 47 U.S.C. 227 ET. SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

70.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: October 30, 2015                By: /s/Jessica R. K. Dorman
                                          Jessica R. K. Dorman
                                          Attorneys for Plaintiff

**Additional Counsel**:
**LAW OFFICES OF TODD M. FRIEDMAN**, **P.C.**
Todd M. Friedman (SBN 216752)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com