# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: TIME WARNER CABLE, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION**          MDL No. 2732

## ORDER DENYING TRANSFER

     **Before the Panel:**[*]  Plaintiffs in the *Fontes* action pending in the Central District of California move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California.  This litigation consists of seven actions—five actions pending in the Central District of California and two actions pending in the Southern District of New York—as listed on Schedule A.[1]  Plaintiffs in two actions (*Mejia* and *Miller*) and common defendant Time Warner Cable, Inc. (TWC) oppose centralization.  Plaintiffs in *Mejia* and TWC alternatively suggest that, should the Panel centralize this litigation, we select the Southern District of New York as the transferee district.

     On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Moving plaintiffs have not met that burden here.  There are relatively few actions at issue in this litigation, pending in only two districts, and the factual issues presented are neither particularly complex nor numerous.

     Furthermore, while these actions broadly allege that TWC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by repeatedly calling plaintiffs' cellular telephones using an automated dialing system and without the plaintiffs' consent, there are significant differences among them.  Plaintiffs in four actions allege that TWC made debt collection calls to their cellular telephones.  Plaintiff in one action alleges instead that TWC made marketing calls to her phone.  Plaintiffs in another action allege both types of calls, while plaintiffs in the remaining two actions appear to allege some type of customer service or marketing calls.  TWC convincingly argues that these actions will involve different calling systems (and, thus, different discovery) depending on the type of calls at issue.  Similarly, the mechanism by which plaintiffs may have consented or revoked

---

     [*] One or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

     [1] The Section 1407 motion included four additional actions, which have been dismissed voluntarily by the parties.

-2-

consent to receive the alleged calls may differ in each action.  Given these differences, the potential for efficiencies through common discovery and pretrial proceedings is not significant.

Also, proceedings in several of the actions are somewhat advanced and are progressing at an expeditious pace.  Fact discovery is complete or nearly complete in at least two actions and was underway in another two actions before those actions were stayed.  In contrast, proceedings have just begun in the remaining actions.  Four actions in this litigation already have been voluntarily dismissed by the parties.  In these circumstances, informal cooperation among the relatively few involved attorneys will be sufficient to minimize any potential for duplicative discovery or inconsistent pretrial rulings.  In contrast, centralization has the potential to delay resolution of the actions with little corresponding efficiency or convenience benefits.  *See In re Caribbean Cruise Line, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 89 F. Supp. 3d 1356, 1357 (J.P.M.L. 2015) (holding that "centralization could delay the proceedings in the more advanced action and result in additional expense to the parties and the courts in establishing an MDL with little or no benefit").

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

**IN RE: TIME WARNER CABLE, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION**          MDL No. 2732

## SCHEDULE A

Central District of California

FONTES v. TIME WARNER CABLE INC., C.A. No. 2:14−02060
CONSTANTINO v. TIME WARNER CABLE, INC., C.A. No. 2:15−08235
ROSENTHAL v. TIME WARNER CABLE, INC., C.A. No. 2:16−00082
ERRINGTON v. TIME WARNER CABLE, INC., C.A. No. 5:15−02196
MILLER v. TIME WARNER CABLE INC., C.A. No. 8:16−00329

Southern District of New York

MEJIA v. TIME WARNER CABLE INC., C.A. No. 1:15−06445
JOHNSON v. TIME WARNER CABLE, INC., C.A. No. 1:15−06518